UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CHRISTOPHER LEE BUTLER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 1:12 CV 7 |
|  | ) |  |
| ALLEN COUNTY JAIL | ) |  |
| COMMANDER, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Petitioner Christopher Lee Butler, a prisoner confined at the Allen County Jail, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging actions by the Allen Superior Court in a criminal prosecution against him. According to the petition, the trial court revoked his bond and then denied him bail. (DE # 1 at 4.) The petitioner put "N/A" in the portion of the petition for date of judgment of the conviction and the length of sentence. (*Id.* at 1.) He also states that he has not appealed any of his claims to the Indiana Court of Appeals. (*Id.*)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

It appears from the face of the petition that Mr. Butler has not yet been convicted of the criminal charges against him. Accordingly, he is not "in custody" within the meaning of 28 U.S.C. § 2254, and this petition is premature. A district court may not entertain an application for writ of habeas corpus unless the petitioner is "in custody **pursuant to the judgment of a state court**." 28 U.S.C. § 2254(a) (emphasis added). A state habeas corpus petitioner meets the statutory "in custody" requirement only if "he is in custody pursuant to the conviction he attacks" or pursuant to another conviction that is related to the conviction he attacks. *Carter v. Procunier,* 755 F.2d 1126, 1129 (5th Cir. 1985). Because Mr. Butler has not yet been convicted of the criminal charges against him, this court does not have jurisdiction to hear this petition.

Even if Mr. Butler had been convicted of the charges against him, his petition establishes that he has not appealed to the Indiana Court of Appeals or the Indiana Supreme Court, and has therefore not exhausted his state court remedies. 28 U.S.C. § 2254 (b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).

Failure to exhaust available state court remedies is a doctrine that is a close cousin to the doctrine of procedural default. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th

Cir. 2004); *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). When a petitioner has failed to exhaust his state court remedies, a federal court has the option to deny the petition on the merits, *see* 28 U.S.C. § 2254(b)(2), or dismiss it without prejudice. *Perruquet*, 390 F.2d at 514. Because this petition appears to be premature, the court will dismiss it without prejudice, and Mr. Butler may refile his petition after he has been convicted and exhausted his state court remedies.

For the foregoing reasons, the court **DISMISSES** this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**SO ORDERED.**

Date: January 27, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT